**STATE of Minnesota, Respondent,**

v.

**Dennis Brian HERNANDEZ, Appellant.**

No. C6–86–551.

Court of Appeals of Minnesota.

Sept. 9, 1986.

Review Denied Oct. 22, 1986.

Hubert H. Humphrey, Atty. Gen., Tom Foley, Ramsey Co. Atty., Steven C. De-Coster, Asst. Co. Atty., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by LESLIE, P.J., and WOZNIAK and CRIPPEN, JJ. with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant Dennis Hernandez was convicted of attempted criminal sexual conduct in third degree, Minn.Stat. § 609.344(c), and Minn.Stat. § 609.17 (1984). On appeal he claims he was denied a fair trial and that the evidence was insufficient to sustain his conviction. We affirm.

## FACTS

On July 12, 1985, S.L. was staying with her friend in a St. Paul duplex. They were watching television and S.L. fell asleep on the floor. Appellant, who lived in the downstairs portion of the duplex, came upstairs to use the phone. Appellant had been drinking and was noticeably staggering.

As S.L. awoke, appellant rubbed himself on the genital area of his pants asking her if she would like "a little bit of that?" Appellant continued rubbing over his pants. S.L.'s friend asked him to leave and she then went to the bathroom.

Appellant did not leave but instead unzipped his pants, took his penis out, shook it at S.L. and grabbed her by the shoulders. He forced her head down between his legs. Appellant's penis touched her mouth and appellant said "How would you like a little bit of this?" S.L. tried to get away but appellant pulled her head down again towards him. She was unsure if his penis touched her mouth the second time.

S.L.'s friend returned in time to see appellant, unzippered, shaking his penis at S.L., asking her if she would "like some of this?" She told appellant to leave and the police were called, arriving within two minutes. S.L. was visibly distraught and was crying as she told the police what happened. Appellant was arrested shortly after.

Several hours later appellant was interviewed by Sergeant Lisa Millar. Appellant denied taking his penis out of his pants. He stated that all he did was shake his penis at S.L. with his hand over his pants. Appellant did not remember why he did this. Without being asked to do so, appellant voluntarily demonstrated by grabbing himself by the groin over his pants and shaking saying "This is what I did."

At trial appellant claimed he was only scratching his genital area and denied assaulting S.L. He claimed that in talking with Sergeant Millar he was also only scratching himself. Appellant was convicted of attempted criminal sexual conduct in the third degree and was sentenced to the presumptive prison term of 20½ months.

## ISSUES

1. Did the trial court err in denying appellant's request for production of police records of arrests and convictions of potential jurors?

2. Did the trial court abuse its discretion in admitting appellant's prior convictions for impeachment?

3. Did the prosecutor commit misconduct in the closing argument?

4. Was the evidence sufficient to sustain appellant's conviction?

## ANALYSIS

### I.

During voir dire defense counsel moved for production of the prosecutor's printout of the criminal records of prospective jurors. The trial court denied the request because Rule 9 of the Criminal Procedures Rules permit disclosure only if the information relates to the guilt or innocence of the accused. Appellant claims

that out of "fundamental fairness" such records should be disclosed to the defense.

The trial court's ruling was not erroneous. There is no basis for such a disclosure in Minnesota, either in rule, statute or case law.

We note however, that potential jurors must disclose any prior convictions which could disqualify them from serving as jurors. *See* Minn.Stat. § 593.41 (1984). Further, in voir dire examination the potential jurors may be asked about prior convictions. If the prosecutor is aware that potential jurors are not being truthful about their prior record, the prosecutor has an ethical obligation to disclose such information.

### II.

■ The trial court ruled that appellant's prior felony theft convictions in 1979 and 1981 were admissible for impeachment purposes. Under Minn.R.Evid. 609(a) and the factors set forth in *State v. Jones*, 271 N.W.2d 534 (Minn.1978) we find no abuse of discretion.

### III.

■ Appellant claims the prosecutor made improper remarks in commenting on the *lack of prior convictions of the victim.* This was made within a long discussion of why the jury should believe S.L.; no comparison was made to appellant's prior convictions. The prosecutor may discuss the credibility of the testimony of the victim of an offense. Moreover no objection was made by defense counsel; we do not find the comments prejudicial. *State v. Parker*, 353 N.W.2d 122, 128 (Minn.1984).

### IV.

■ We have reviewed the record and reject appellant's claim that the evidence is insufficient. The victim's testimony was consistent with her prior statements. Further while her testimony need not be corroborated under Minn.Stat. § 609.347, subd. 1 (1984), her testimony was in fact corroborated by the evidence of her de-

meanor after the incident and by an eyewitness.

### DECISION

Appellant was not denied a fair trial and the evidence was sufficient to sustain his conviction for attempted criminal sexual conduct in the third degree.

Affirmed.